## JACOBS v WHITEMAN

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16697.   Decided Oct 31, 1938

Irwin Greene, Cleveland, for plaintiff-appellee.

J. A. Feingold, Cleveland, for defendant-appellant.

### OPINION

By TERRELL, J.

Judgment was entered in the trial court in favor of the plaintiff against the defendant, May Whiteman, upon service by publication. Application, under §11632, GC, was made by the defendant to re-open the judgment. Proper notice thereof was given to the plaintiff's counsel, and an answer by the defendant was filed. Upon hearing, the court granted the request of the defendant to re-open the case and gave the plaintiff leave to move or plead. Plaintiff filed a reply.

Upon the issues made up by the pleadings, the case came on for trial on July 8, 1937. It is contended by the defendant, May Whiteman, that the court required her to proceed with evidence to support her defense before hearing the plaintiff's case. The defendant objected to this procedure, and requested that the plaintiff be required to put on its case first. The court, however, overruled the objection of the defendant, whereupon the judgment was rendered against the defendant.

Defendant contends that the court was in error in this procedure.

The writer is of the opinion that if this procedure as set forth herein was adopted by the trial court, that it was prejudicial error. When a case is re-opened to allow the defendant to come in to defend as this case was, according to the docket entries, the plaintiff should first be required to put on his case before the defendant is required to put in any defense.

Unfortunately, however, for the defendant, no bill of exceptions to exhibit to the reviewing court the procedure complained of is before the court. Consequently the judgment must be affirmed.